SHAW, Justice
(concurring specially).
I concur to quash the writ.
The facts of this case are explained in the Court of Criminal Appeals’ opinion, Collier v. State, 212 So.3d 268 (Ala.Crim.App.2015), and I see no need to repeat those facts here.
I am not convinced of the correctness of the portion of the analysis in the Court of Criminal Appeals’ decision to the extent it holds that the word “discovery” in Ala. Code 1975, § 13A-10-42, refers only to the “discovery” of physical location; I believe that it may be possible for that Code section also to encompass “discovery” of information related to identifying another person. However, that interpretation is not challenged by the State, and I see no need to explore it further in this writing.
I tend to agree with Justice Stuart’s analysis of the term “apprehension” in the definition of “criminal assistance” found in § 13A-10-42ft). However, the State’s arguments in its brief rely on the definition of “criminal assistance” found in § 13A-10-42(5), i.e., whether the defendant rendered criminal assistance by concealing physical evidence. The Court of Criminal Appeals held that there was “no evidence” indicating that the defendant’s actions in concealing the physical evidence in this case actually hindered the investigation, and, in my view, the State’s particular arguments on appeal attempting to refute that holding fall short of what is needed to reverse the judgment of the Court of Criminal Appeals on this issue. Based on the State’s arguments, I concur in quashing the writ.
THOMAS, Special Justice, concurs.